1   Benjamin Schonbrun SBN 118323
    schonbrun.ben@gmail.com
2   Michael D. Seplow, SBN 150183
    mseplow@aol.com
3   SCHONBRUN DESIMONE SEPLOW
    HARRIS & HOFFMAN LLP
4   723 Ocean Front Walk
    Venice, California 90291
5   Telephone: (310) 396-0731
    Fax: (310) 399-7040
6
    Attorneys for Plaintiffs
7   Martha Rauda and Regulo Puebla

```
        FILED
CLERK, U.S. DISTRICT COURT

    OCT 29 2008

CENTRAL         OF CAL
Y
```

8
9              **UNITED STATES DISTRICT COURT**

10        **CENTRAL DISTRICT OF THE STATE OF CALIFORNIA**

11

12   MARTHA RAUDA, REGULO              )   **NO.  CV-08-3128 CAS (PJWx)**
     PUEBLA, individually and as       )
13   successors in interest to MARTHA  )
     PUEBLA, decedent,                 )
14                                     )
                       Plaintiffs,     )   [~~PROPOSED~~] **PROTECTIVE**
15                                     )   **ORDER RE PRIVILEGED**
     vs.                               )   **DOCUMENTS AND THINGS**
16                                     )
     CITY OF LOS ANGELES, a public     )   **Judge Christina A. Snyder**
17   entity, CHIEF WILLIAM BRATTON,    )
     an individual, DETECTIVE MARTIN   )   **Mag. Judge Patrick J. Walsh**
18   PINNER, an individual, DETECTIVE  )
     JUAN RODRIGUEZ, an individual,    )
19   AND DOES 1 THROUGH 10             )   *Note Change to*
                                       )   *P 7.*
20                                     )
                       Defendants.     )
21                                     )
22                                     )
23                                     )
24   _____)

25        Pursuant to the Stipulation Re Privileged Documents and Things, it is

26   hereby ordered that:

27

28        1.     Defendants and Plaintiffs have agreed that the below-listed

                                     1.

1   documents shall be designated confidential documents and/or writings because

2   Defendants believe, in good faith,  that these documents and/or writings are

3   privileged, confidential, private or sensitive nature.  This will be accomplished by

4   affixing to such document or writing a legend, such as "Confidential,"

5   "Confidential Documents," "Confidential Material Subject to Protective Order" or

6   words of similar effect.  Documents and writings so designated, and all

7   information derived therefrom (hereinafter, collectively, "Confidential

8   Information"), shall be treated in accordance with the terms of this

9   stipulation/protective order. Documents, writings and things to be designated as

10  such, include and are not limited to the following:

11          a)      Any LAPD Internal Affairs and/or Professional Standards

12                  investigation files

13  including but not limited to, tape recorded interviews, compelled statements of

14  police officers, complainants, and other witnesses, supporting documentation,

15  form 1.80 summary listings and transcripts and photos;

16          b)      Any personnel file(s), background hiring materials or complaints and

17  complaint investigations of any former or current LAPD employee, including, but

18  not limited to performance evaluations, commendations, training records, prior

19  personnel complaints, disciplinary information, compensation information, and

20  information regarding an officer's off-duty time (i.e., vacation time, sick days,

21  time off, etc.);

22          c)      TEAMS printouts and training records;

23          d)      All documents which comprise the LAPD "Murder Books" for

24                  Enrique Acosta,

25  Christian Vargas, and Martha Puebla, DMV information or "CORI" runs,

26  Chronological Records, Crime Scene Logs, Crime Reports, Death Reports,

27  Property Reports, S.I.D. Reports and Logs, Vehicle Reports, Arrest Reports,

28  Related Crime Reports, Follow-up and Progress Reports, Victim Information

**[PROPOSED] PROTECTIVE ORDER RE PRIVILEGED DOCUMENTS AND THINGS**

(including Statements, Photos, Background Information, Probation/Parole Status,
Rap Sheets), Suspect Information (including Statements, Arrest Warrants,
Photos/Composite Drawings, Probation/Parole Status, Rap Sheets), Photo Line-
ups, Witness Lists, Witness Statements, Officers at Scene/Statements, Crime
Scene Notes and Surveys, Crime Scene Photos, Ambulance and Medical Records,
Coroner's Records/ Photos, Search Warrants, Investigation Notes, Computor
Runs, Field Interview Cards, Transcripts of Audiotapes (including interviews of
witnesses, LAPD officers, suspects, tape recordings of phone conversations).

2.     Confidential Information may be used by the persons receiving such
information [hereinafter "Receiving Party(ies)"] only for the purpose of this
above-captioned litigation.

3.     Subject to the further conditions imposed by this
stipulation/protective order, Confidential Information may be disclosed only to the
following persons:

    a.     Counsel for Plaintiff and to experts, investigators, paralegal
assistants, office clerks, secretaries and other such personnel working under their
supervision.

    b.     Such other parties as may be agreed by written stipulation
among the parties hereto, or by Court Order.

4.     Prior to the disclosure of any Confidential Information to any person
described in paragraph 3(a), or 3(b), counsel for the Receiving Party who seeks to
use or disclose such Confidential Information shall first provide a copy of this
Stipulation and have the individual to whom the Receiving Party intends to
disclose said Confidential Information sign a nondisclosure agreement, stating that
the person has received and read a copy of the Stipulation and understands that

**[PROPOSED] PROTECTIVE ORDER RE PRIVILEGED DOCUMENTS AND THINGS**

1  s/he is bound by the terms of the Stipulation in substantially the form set forth

2  below:

3        A.    I understand that I am being given access to Confidential Information

4                   pursuant to the foregoing Stipulation and Order.  I have read the

5                   Stipulation and Order

6                   and agree to be bound by its terms with respect to the handling, use,

7  and

8                   disclosure of such Confidential Information.

9  Dated:

10                   Signed: _____

11

12  Counsel for the Receiving Party shall maintain all signed acknowledgments

13  of receipt of the Stipulation.  If an issue arises regarding a purported unauthorized

14  disclosure of Confidential Information, upon noticed motion of contempt filed by

15  the Disclosing Parties, counsel for the Receiving Party may be required to file the

16  signed acknowledgment of the receipt and review of the Stipulation.  The

17  Receiving Party may not be required to produce any documents that would reveal

18  the identity of the persons given Confidential Information pursuant to this

19  protective order except upon an order of the Court.

20

21        5.    Upon the final termination of this litigation, including any appeal

22  pertaining thereto, all Complaint Investigation materials, including Plaintiff's copy

23  of their Protective Order, as well as any other Court Ordered Documents provided

24  pursuant to this Protective Order and all copies thereof, shall be returned to the

25  Offices of the Los Angeles City Attorney's Office, 6th Floor, City Hall East, Los

26  Angeles, California 90012 for destruction/shredding.  Moreover, any information

27  that was transferred onto a computer, zip drive, disc or other source, shall be

28  destroyed and deleted. All Confidential documentation provided to any person or

4.

**[PROPOSED] PROTECTIVE ORDER RE PRIVILEGED DOCUMENTS AND THINGS**

party, pursuant to any provision hereof, also shall be returned to the City
Attorney's Office.

6.    If any party who receives Confidential Information receives a
subpoena and/or public record request seeking Confidential Information, he, she
or it shall immediately give written notice to counsel for defendants, identifying
the Confidential Information sought and the time in which production or other
disclosure is required, and shall object to the request or subpoena on the grounds
of this stipulation/protective order.  At that time, Plaintiffs must thereafter obtain
an order barring production or other disclosure, or to otherwise respond to the
subpoena or other request for production or disclosure of Confidential Material.
In no event should production or disclosure be made without written approval by
defendants' counsel unless required by Court Order arising from a motion to
compel production or disclosure of Confidential Information.

7.    Any pleadings, motions, briefs, declarations, stipulations, exhibits or
other written submissions to the Court in this litigation which contain, or
incorporate Confidential Information shall be filed and maintained under seal.
Any other pleadings, motions, briefs, declarations, stipulations, exhibits or other
written submissions that refer to, but do not contain or incorporate Confidential
Information, shall designate the particular aspects that are confidential so as to
enable the Court, in drafting presumptively public orders relating to these filings
under seal, to determine whether there is evidence which the Court should attempt
not to disclose.  If any papers to be filed with the Court contain protected
information, the proposed filing shall be accompanied by an application to file the
papers or the portion thereof containing the protected information, under seal and
that the application shall be directed to the judge to whom the papers are directed.

*Under seal filings governed by Local Rule 79-5.1*

5.

**[PROPOSED] PROTECTIVE ORDER RE PRIVILEGED DOCUMENTS AND THINGS**

8.     Counsel for the parties hereto agree that the parties must request that the Court consider that any motions, applications or other pre-trial proceedings which could entail the discussion or disclosure of Confidential Information be heard by the Court outside the presence of the jury.  Counsel for the parties further agree that, during any portion of the trial of this action which could entail the discussion or disclosure of Confidential Information, that Defendants will have an opportunity to request that access to the courtroom be limited to parties, their counsel and other designated representative, experts or consultants who agreed to be bound by this stipulation/protective order, and court personnel.

9.     Nothing herein shall prejudice any party's right to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

10.     The party designating information, documents, materials, or items as confidential bears the burden of establishing the confidentiality.  At any time after receipt of documents labeled as Confidential Information, the Receiving Parties may provide the Disclosing Parties with a written objection to the classification of specific documents as prohibited from disclosure under this protective order and the basis for the Receiving Parties' objection. The Disclosing Party shall, within 30 days of receipt of the written information notice, advise the counsel for the Receiving Parties whether the Disclosing Party intends to seek an order from the Court retaining the documents within the Protective Order.  The counsel for the Receiving Parties must, upon receipt of such written notice, continue to treat the documents as Confidential Information until such time as the Court issues a ruling on the Disclosing Parties motion to maintain the confidentiality of said documents. Notwithstanding the foregoing, any party bound by this Stipulation who contests the confidential nature of documents produced pursuant to this Stipulation may

6.

1  move the Court for an order to have the documents removed from the protective
2  order and to have the documents declared not confidential, or otherwise move to
3  modify the Stipulation as to some or all of the documents.  These procedures are in
4  addition to, and not in lieu of compliance with Local Rule 37-1 et seq. relating to
5  discovery motions.

6
7
8  ***IT HEREBY IS SO ORDERED:***
9
10
11
12  Dated:  __10/29/08__ , 2008         _Patrick J. Walsh_
13                                      **HON. PATRICK J. WALSH**
14                                      **United States Magistrate Judge**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7.