1  Benjamin Schonbrun SBN 118323
   schonbrun.ben@gmail.com
2  Michael D. Seplow, SBN 150183
   mseplow@aol.com
3  David J. Sarnoff, SBN 239363
   dsarnoff@sdshh.com
4  SCHONBRUN DESIMONE SEPLOW
   HARRIS & HOFFMAN LLP
5  723 Ocean Front Walk
   Venice, California 90291
6  Telephone:  (310) 396-0731
   Fax:  (310) 399-7040
7
   Attorneys for Plaintiffs
8  Martha Rauda and Regulo Puebla

9

**UNITED STATES DISTRICT  COURT**

10

**CENTRAL DISTRICT OF THE STATE OF CALIFORNIA**

11

12

13  MARTHA RAUDA, REGULO
    PUEBLA, individually and as
14  successors in interest to MARTHA
    PUEBLA, decedent,

)  **NO.  CV-08-3128 CAS (PJWx)**
)
)
)
)

15                        Plaintiffs,

)  **STIPULATION FOR**
)  **PROTECTIVE ORDER RE**

16  vs.

)  **PRIVILEGED DOCUMENTS AND**
)  **THINGS PURSUANT TO**

17

)  **SUBPOENA TO THE OFFICE OF**
)  **THE LOS ANGELES COUNTY**

18  CITY OF LOS ANGELES, a public
    entity, CHIEF WILLIAM BRATTON,

)  **DISTRICT ATTORNEY**
)

19  an individual, DETECTIVE MARTIN
    PINNER, an individual, DETECTIVE

)  **Judge Christina A. Snyder**
)

20  JUAN RODRIGUEZ, an individual,
    AND DOES 1 THROUGH 10

)  **Mag. Judge Patrick J. Walsh**
)

21

)

22                        Defendants.

)
)

23

)

24

)
)

25  _____  )

26  ***TO: THE HONORABLE COURT:***

27          Plaintiffs Martha Rauda and Regulo Puebla, individually and as successors

28  in interest to Martha Puebla, Decedent (collectively referred to as "Plaintiffs"), and

the Office of the Los Angeles County District Attorney ("LADA"), through their respective attorneys, Stipulate as follows:

1.     The attorneys for Plaintiffs have conducted non-party discovery dated February 28, 2006 by serving on the Custodian of Records, Office of the Los Angeles County District Attorney and Deputy District Attorney Beth Silverman ("Silverman"), a subpoena for production, inspection and copying of:

   1.     Any and all communications between the LADA and Plaintiffs Martha Ruada and Regulo Puebla ("Plaintiffs"), their FAMILY, and/or their daughter, decedent Martha Puebla.

   2.     Any and all correspondence between the LADA and the City of Los Angeles or its employees regarding Plaintiffs, their FAMILY, and/or their daughter, decedent Martha Puebla.

   3.     Any and all correspondence between the LADA and U.S. ATTORNEY'S OFFICE regarding Plaintiffs, their FAMILY, and/or their daughter, decedent Martha Puebla.

   4.     Any and all correspondence or DOCUMENTS which discuss, mention, evidence, or otherwise refer to witness protection for Plaintiffs, Plaintiffs' FAMILY, and/or Plaintiffs' daughter, Martha Puebla.

   5.     Any and all correspondence or documents referencing the LEDESMA-PUEBLA RUSE.

   6.     Any and all correspondence or documents referencing the LEDESMA-CASTANEDA RUSE.

2.

7.      Any and all correspondence or documents referencing the CATALAN RUSE.

8.      Any documents which discuss, mention, evidence, or otherwise refer to witness protection for Martha Puebla and/or her FAMILY.

9.      Any and all documents which discuss, mention, evidence, or otherwise refer to threats against Martha Puebla and/or her FAMILY by members of the Vineland Boyz gang.

10.     Any and all documents which relate to, refer to or discuss the murder of Martha Puebla, including, without limitation, any investigation regarding the murder of Martha Puebla and any witness statements.

11.     Any and all documents which refer to or discuss the murder of Christian Vargas including, without limitation,  any investigation regarding the murder of Christian Vargas and any witness statements.

12.     Any and all LADA manuals, bulletins, rules, regulations, policies, procedures, protocols, training materials and related documents regarding the duty to provide protection to individuals who are or who are alleged to have been witnesses in a criminal matter, including persons such as Martha Puebla.

**[PROPOSED] PROTECTIVE ORDER RE PRIVILEGED DOCUMENTS AND THINGS**

13.     Any and all LADA manuals, bulletins, rules, regulations, policies, procedures, training materials and related documents relating to the offering of witness protection to persons, including, a) whether such offers of witness protection and the reasons therefore are to be documents in writing, b) the information that should be provided to persons offered witness protection, c) whether persons offered witness protection should be told the reasons why they are being offered witness protection, including the reasons why the LAPD, LADA, or other law enforcement has determined that they are at risk.

The LADA and Silverman made written objections to the subpoena on the grounds that disclosure of information in the materials requested would implicate the subjects' rights to privacy, would endanger the personal safety of the subjects, would disclose confidential official information, would disclose attorney work product, may harm and interfere with other criminal prosecutions, and/or would disclose information protected by the deliberative processes privilege.

2.     Plaintiffs, the LADA, and Silverman are desirous of resolving the disputes about disclosure and use of information acquired by plaintiffs and defendants from the LADA and its personnel.

3.     The LADA maintains and asserts that it has a legitimate need to limit access to information about internal decision making for the conduct and course of prosecutions.

4.     The LADA also maintains and asserts that is has a legitimate need to meet its obligations to maintain confidentiality and/or privacy of information as required by statute and judicial decision, and to assure personal safety of potential witnesses in its prosecutions.

5.     To complete discovery expeditiously, to regulate the disclosure and use of information from the LADA, and to meet the above identified needs of

**[PROPOSED] PROTECTIVE ORDER RE PRIVILEGED DOCUMENTS AND THINGS**

LADA, the following procedures and limitations shall govern the use, disclosure, distribution or dissemination of all documents and other tangible things, and the information contained therein (collectively referred hereinafter as "The PROTECTED DOCUMENTS"), either previously or henceforth produced by the DA to Plaintiffs and to their counsel:

a.    The PROTECTED DOCUMENTS shall be used solely in connection with the preparation and trial of this action, Case No. CV-08-3128 CAS (PJWx), or any related appellate proceeding, and not for any other purpose, including any other litigation.  This paragraph shall not preclude the Plaintiffs' attorney of record in this case from indicating, in connection with discovery or a discovery motion in another action, an awareness of responsive documents.  In indicating such awareness in any other action, the Plaintiffs' attorney of record shall not disclose the substance of the Confidential Information.

b.    The PROTECTED DOCUMENTS shall be treated as confidential by Plaintiffs and their counsel and shall not be further disclosed except as provided in this Protective Order.

c.    The PROTECTED DOCUMENTS, or any portion thereof, may not be disclosed, distributed or disseminated except as provided in subparagraph (d) below.

d.    The PROTECTED DOCUMENTS, or any portion thereof, may only be disclosed to the following persons:

(1)    Counsel for Plaintiffs and Counsel for Defendants only and not to Parties;

(2)    Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in subparagraph (1) above.

(3)    Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the

**[PROPOSED] PROTECTIVE ORDER RE PRIVILEGED DOCUMENTS AND THINGS**

1   trial of this action; and

2   (4)   Expert witnesses and investigators designated by Counsel for

3   the Parties solely for the purpose of this litigation.

4   (5)   The Plaintiffs themselves upon notice to the LADA of intent to

5   do so.  Counsel for Plaintiffs must notify the LADA of an intent to

6   show Plaintiffs specific documents and the basis therefor.  The LADA

7   must then, within 15 days, submit to Plaintiffs' counsel a written

8   objection and basis for the objection to prevent Plaintiffs from being

9   shown the documents.  Plaintiffs' counsel must then, within 10 days,

10  respond in writing to the objections of the LADA.  If, at that point, the

11  LADA still seeks to prevent disclosure, within 15 days, the Plaintiffs

12  may seek the appropriate relief from the Court.

13  e.   Notwithstanding the foregoing, any party bound by this Stipulation

14  who contests the confidential nature of documents produced pursuant

15  to this Stipulation may move the Court for an order to have the

16  documents removed from the protective order and to have the

17  documents declared not confidential, or otherwise move to modify the

18  Stipulation as to some or all of the documents.  These procedures are

19  in addition to, and not in lieu of compliance with Local Rule 37-1 et

20  seq. relating to discovery motions.

21  f.   Furthermore, each person (except Court personnel) to whom

22  disclosure of The PROTECTED DOCUMENTS, or any portion

23  thereof, is made, with the exception of those identified in

24  subparagraph (d) above who are presumed to know the contents of

25  this protective order, shall, prior to the time of disclosure, be provided

26  a copy of this order by the person furnishing him/her such material,

27  and shall agree on the record or in writing that he/she has read the

28  protective order, and that he/she understands the provisions of the

6.

**[PROPOSED] PROTECTIVE ORDER RE PRIVILEGED DOCUMENTS AND THINGS**

protective order, and that he/she agrees to be bound by the provisions of this Protective Order.  Such person (except Court personnel) also must consent in writing to be subject to the jurisdiction of the United States District Court with respect to any proceeding relating to enforcement of this order, including without limitation, any proceeding for contempt.  Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation.

g.   All under seal filings will be governed by Local Rule 79-5.1.

6.   Nothing in paragraph 5 is intended to prevent officials or employees of the County of Los Angeles or other authorized governmental officials from having access to the PROTECTED DOCUMENTS if they would have had access in the normal course of their job duties.  Further, nothing in this order prevents a witness from disclosing events or activities personal to him or her, that is, a witness can disclose to others information previously given to the County of Los Angeles with respect to what he or she saw, heard or otherwise sensed.

7.   The foregoing is without prejudice to the right of the Plaintiffs and the LADA:

a.   To apply to the Court for a further protective order relating to confidential material or relating to discovery in this litigation; and

b.   To apply to the Court for an order compelling production of documents or modification of this protective order or for any order permitting disclosure of documents or the information contained therein the terms of this protective order.

8.   The LADA shall place a stamp on each PROTECTED DOCUMENT marked **Confidential–subject to Protective Order** and will release said

7.

documents within 10 court days from the date the LADA is notified that this Protective Order has been entered by the United States District Court.  If through its inadvertence, surprise or neglect, the LADA does not label a PROTECTED DOCUMENT as indicated, counsel for Plaintiffs shall so notify the LADA so that the LADA may place the phrase **Confidential–subject to Protective Order**, on the PROTECTED DOCUMENT.

9.      Within Thirty (30) days after the date that an Order terminating this litigation becomes no longer subject to judicial review, counsel for Plaintiffs shall promptly destroy all copies of the PROTECTED DOCUMENTS and shall certify it has not retained any such documents, or portions thereof except as required by the Court or law.

10.    This Protective Order, when entered into by the Court, shall be retroactive to the date of the initial disclosure of documents made by the LADA in this matter.

11.    This Protective Order is entered without prejudice to the right of any party and/or the LADA to file any motion for relief from the Court from any restriction hereof or for any other or further restriction on the production, exchange, or use of any documents, testimony, or other information produced, given, or exchanged in the course of discovery in this action.  This Order may be modified, amended, or vacated by further Order of the Court.

12.    This Protective Order shall survive the final determination for this action and shall remain in full force and effect after conclusion of all proceedings herein, and the court shall have continuing jurisdiction to enforce its terms.

/ / /

/ / /

/ / /

/ / /

/ / /

**[PROPOSED] PROTECTIVE ORDER RE PRIVILEGED DOCUMENTS AND THINGS**

1    **IT IS SO STIPULATED:**

2

3    Dated: April 16, 2009

4                        OFFICE OF THE COUNTY COUNSEL

5                        By: _____/s/ Ruben Baeza, Jr._____

6                        **RUBEN BAEZA, JR.**, Principal Deputy County Counsel

7                        Attorneys for the Office of the Los Angeles County
                         District Attorney and Deputy District Attorney Beth
8                        Silverman

9

10   Dated: April 16, 2009

11                       SCHONBRUN DESIMONE SEPLOW
                         HARRIS & HOFFMAN LLP
12

13

                         By: _____/s/ David J. Sarnoff_____
14
                              Benjamin Schonbrun
15                            Michael D. Seplow
                              David J. Sarnoff
16                            Attorney for Plaintiffs

17

18   **IT HEREBY IS SO ORDERED:**

19

20

21

22   Dated:  4/16/09        _____

23                              *HON. PATRICK J. WALSH*
                                *United States Magistrate Judge*
24

25

26

27

28

                                    9.

**[PROPOSED] PROTECTIVE ORDER RE PRIVILEGED DOCUMENTS AND THINGS**