Benjamin Schonbrun SBN 118323
schonbrun.ben@gmail.com
Michael D. Seplow, SBN 150183
mseplow@gmail.com
SCHONBRUN DESIMONE SEPLOW
HARRIS HOFFMAN & HARRISON LLP
723 Ocean Front Walk
Venice, California 90291
Telephone: (310) 396-0731
Fax: (310) 399-7040

John Raphling SBN 169554
LAW OFFICES OF JOHN RAPHLING
723 Ocean Front Walk
Venice, California 90291
Telephone: (310) 823-4620
Fax: (310) 823-4632

Attorneys for Plaintiffs
Martha Rauda and Regulo Puebla

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARTHA RAUDA, REGULO PUEBLA, individually and as successors in interest to MARTHA PUEBLA, decedent,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, a public entity, CHIEF WILLIAM BRATTON, an individual, DETECTIVE MARTIN PINNER, an individual, DETECTIVE JUAN RODRIGUEZ, an individual, AND DOES 1 THROUGH 10<br><br>Defendants. | No. CV-08-3128 CAS (PJWx)<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' PROPOSED JUDGMENT AND OBJECTION TO DEFENDANTS' ALTERNATIVE PROPOSED JUDGMENT** |

Plaintiffs Martha Rauda and Regulo Puebla hereby submit the following Reply to Defendants' Opposition to Plaintiffs' Proposed Judgment and Objection to Defendants' Alternative Proposed Judgment.

1

## I. JUDGMENT HAS NOT BEEN ENTERED IN THIS ACTION.

Defendants erroneously and disingenuously contend that a judgment has already been entered in this action on September 10, 2010 pursuant to the 150 day rule of FRCP 58(c)(2)(B) based on the jury's verdict in Phase 2 of the trial. First, this position is contrary to this Court's prior determination that: **"A judgment in this matter will not be entered until after the Court rules on Plaintiffs' Motion for Attorneys Fees."** [September 23, 2010 Order at 2:9-10] (emphasis added). Indeed, in the Stipulation submitted to the Court prior to the September 23, 2010 Order, Defendants had expressly agreed that no judgment had been entered and that the parties would "meet and confer regarding the submission of a proposed judgment" to be entered after the Court ruled on Plaintiffs' Motion for Attorneys Fees.[1]

Moreover, contrary to Defendants' assertion, the Jury Verdict on Phase 2 of the trial was not an appealable order and needed to be reduced to a separate judgment. The 150 day rule was intended to deal with situations where the Court has clearly disposed of a case, such as by granting a motion for summary judgment, but has neglected to place that ruling in a separate document so that the deadline to appeal or file post judgment motions does not continue indefinitely. Here, there simply has been no court order or ruling disposing of this case.[2]

Indeed, it was clear to both the Court and the parties that the case had not been finally disposed of and the parties had recognized that in the interest of

---

1. Copies of the Court's September 23, 2010 Order and the Parties' Stipulation Re Motion For Attorneys' Fees are attached hereto as Exhibits A and B respectively.

2. For example, there has been no written order or decree of the Court which states that Plaintiffs are entitled to an award of nominal damages against Defendant City of Los Angeles on their *Monell* claim.

2

judicial economy, final judgment would not be entered until after the Court ruled on the motion for attorneys' fees. Given the circumstances of this case, applying the 150 day rule based on the date of the jury's verdict would be a strained reading of the rule, especially since there has been no order disposing of this case and both the Court and the parties were aware that in light of the jury's verdict, there were going to be critical post trial motions which needed to be addressed before this case was finally decided. As stated in the Advisory Committee Notes to the 2002 Amendments to FRCP 58: "The new all purpose definition of the entry of judgment must be applied with **common sense** to other questions that may turn on the time when judgment is entered. If the 150 day provision in Rule 58B(b)(2)(B). . . .serves no purpose or would defeat the purpose of another rule, it should be disregarded." (emphasis added).

In this case, there was no prior order or ruling which could have been considered a judgment on the merits and it has been acknowledged by both parties and the Court that a final judgment would be reduced to a separate document once the Court ruled on the parties' post trial motions, including the motion for attorneys fees. Therefore, the 150 day rule does not apply to this case.

Further, contrary to Defendants' assertions, Plaintiffs' filing of a motion for a new trial prior to the entry of judgment did not serve as a waiver of the separate document requirement. The Advisory Committee Notes to FRCP 58 recognize that post trial motions are often filed prior to the entry of judgment but the fact that a separate document is not required for an order ruling on certain post trial motions (such as a motion for attorneys fees) **"does not excuse the obligation to set forth the judgment itself in a separate document."** (emphasis added)[3]

---

3. Defendants' reliance on *Casey v. Albertson's Inc.*, 362 F.3d 1254 (9th Cir. 2004) is misplaced because that case involved a motion under FRCP 60 *for relief from judgment* that was filed one year after the Court had granted a motion for

Accordingly, a final judgment in this case has not been entered and the Court should enter the proposed judgment submitted by Plaintiffs.

## II. DEFENDANTS' PROPOSED JUDGMENT DOES NOT COMPLY WITH FRCP 54 AND THEREFORE THE COURT SHOULD ADOPT THE PROPOSED JUDGMENT SUBMITTED BY PLAINTIFFS.

Plaintiffs object to Defendants' proposed judgment on the grounds that it is contrary to the dictates of Rule 54(a) of the Federal Rules of Civil Procedure because it contains "a record of prior proceedings." [4/] In particular, Defendants' proposed judgment recites a litany of prior proceedings, including the jury's verdict, which expressly contravenes the plain language of Rule 54(a).[5/]

Further, Defendants' proposed judgment does not refer to interest accruing on the judgment. Accordingly, this Court should reject Defendants' proposed judgment and instead should enter the proposed judgment which was previously submitted to the Court by Plaintiffs on December 30, 2010.

---

summary judgment. In *Casey*, it was clear that the plaintiff had treated the ruling on the summary judgment as a final judgment. 362 F.3d at 1259. In this case, Plaintiffs' filing of a motion for a new trial under FRCP 59 (which is significantly different from a motion under FRCP 60 for relief from judgment) prior to the entry of judgment was proper and was never intended to waive the separate document requirement.

4. FRCP 54 (a) states in relevant part: "A judgment should not include recitals of pleadings, a master's report or a record of prior proceedings."

5. Moreover, the recital of the prior proceedings contained in Defendants' proposed judgment is misleading in that the Court orally ruled on Plaintiffs' request for nominal damages *prior* to the commencement of the Second Phase of the trial on April 13, 2010.

4

Dated: January 7, 2011

SCHONBRUN DeSIMONE SEPLOW
HARRIS HOFFMAN & HARRISON LLP

By: _____
Benjamin Schonbrun
Michael D. Seplow
Attorneys for Plaintiffs

# EXHIBIT A

Presented by:
Benjamin Schonbrun SBN 118323
schonbrun.ben@gmail.com
Michael D. Seplow, SBN 150183
mseplow@gmail.com
SCHONBRUN DESIMONE SEPLOW
HARRIS HOFFMAN & HARRISON LLP
723 Ocean Front Walk
Venice, California 90291
Telephone: (310) 396-0731
Fax: (310) 399-7040

John Raphling SBN 169554
LAW OFFICES OF JOHN RAPHLING
723 Ocean Front Walk
Venice, California 90291
Telephone: (310) 823-4620
Fax: (310) 823-4632

Attorneys for Plaintiffs
Martha Rauda and Regulo Puebla

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| MARTHA RAUDA, REGULO PUEBLA, individually and as successors in interest to MARTHA PUEBLA, decedent,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, a public entity, CHIEF WILLIAM BRATTON, an individual, DETECTIVE MARTIN PINNER, an individual, DETECTIVE JUAN RODRIGUEZ, an individual, AND DOES 1 THROUGH 10<br><br>Defendants. | NO. CV-08-3128 CAS (PJWx)<br><br>**ORDER GRANTING STIPULATION RE PLAINTIFFS' MOTION FOR ATTORNEYS FEES** |

1.

The Court having reviewed the parties' Stipulation Re Plaintiffs' Motion for Attorneys Fees, and finding good cause therefore, approves the Stipulation and rules as follows:

1. The parties will meet and confer regarding a proposed briefing schedule on Plaintiffs' Motion for Attorneys fees, which Plaintiffs anticipate filing within approximately the next 30 days;

2. A judgment in this matter will not be entered until after the Court rules on Plaintiffs' Motion for Attorneys Fees;

3. After Court issues a ruling on Plaintiffs' Motion for Attorneys fees, counsel for the parties will meet and confer regarding the submission of a proposed judgment to the Court.

IT IS SO ORDERED.

Dated: September 23, 2010

*Christina A. Snyder*
Hon. Christina A. Snyder
United States District Judge

# EXHIBIT B

1  Benjamin Schonbrun SBN 118323
   schonbrun.ben@gmail.com
2  Michael D. Seplow, SBN 150183
   mseplow@gmail.com
3  SCHONBRUN DESIMONE SEPLOW
   HARRIS HOFFMAN & HARRISON LLP
4  723 Ocean Front Walk
   Venice, California 90291
5  Telephone: (310) 396-0731
   Fax: (310) 399-7040
6
   John Raphling SBN 169554
7  LAW OFFICES OF JOHN RAPHLING
   723 Ocean Front Walk
8  Venice, California 90291
   Telephone: (310) 823-4620
9  Fax: (310) 823-4632

10 Attorneys for Plaintiffs
   Martha Rauda and Regulo Puebla
11

12                UNITED STATES DISTRICT COURT

13          CENTRAL DISTRICT OF THE STATE OF CALIFORNIA

14

15  MARTHA RAUDA, REGULO          ) NO. CV-08-3128 CAS (PJWx)
    PUEBLA, individually and as   )
16  successors in interest to MARTHA )
    PUEBLA, decedent,             )
17                                ) STIPULATION RE PLAINTIFFS'
                     Plaintiffs,  ) MOTION FOR ATTORNEYS
18                                ) FEES
    vs.                           )
19                                )
20  CITY OF LOS ANGELES, a public )
    entity, CHIEF WILLIAM BRATTON,)
21  an individual, DETECTIVE MARTIN)
    PINNER, an individual, DETECTIVE)
22  JUAN RODRIGUEZ, an individual,)
    AND DOES 1 THROUGH 10         )
23                                )
24                                )
                     Defendants.  )
25                                )
26                                )
27                                )
28

                                1.

1  WHEREAS, on or about June 23, 2010, Plaintiffs filed a motion for a new trial
2  on damages pursuant to FRCP 59
3
4  WHEREAS, on or about July 19, 2010, Defendants filed a Motion for
5  Judgment as a Matter of Law pursuant to FRCP 50;
6
7  WHEREAS, on or about August 20, 2010, the Court issued an order denying
8  Plaintiffs' Motion for a New Trial on damages and denying Defendants' Motion for
9  Judgment as a Matter of Law;
10
11  WHEREAS, on September 10, 2010, counsel for the parties participated in a
12  conference pursuant to Local Rule 7.3 regarding Plaintiffs' anticipated Motion for
13  Attorneys Fees pursuant to 42 U.S.C. Section 1988;
14
15  WHEREAS, during the Rule 7.3 conference, counsel for the parties agreed that
16  Plaintiffs would be filing their Motion for Attorneys Fees within approximately 30
17  days and that they would confer regarding a hearing date and a briefing schedule prior
18  to the filing of Plaintiffs' Motion for Attorneys fees. Counsel for the parties also
19  agreed that, in the interests of judicial economy, a judgment in this matter should not
20  be entered until after the Court rules on the Motion for Attorneys Fees and that once
21  the Motion for Attorneys Fees has been decided by the Court, the parties would meet
22  and confer regarding the submission of a proposed judgment to the Court.
23
24  THEREFORE, IT IS HEREBY STIPULATED THAT:
25
26  1. The parties will meet and confer regarding a proposed briefing schedule on
27  Plaintiffs' Motion for Attorneys fees, which Plaintiffs anticipate filing within
28  approximately the next 30 days;

2.

2. A judgment in this matter should not be entered until after the Court rules on Plaintiffs' Motion for Attorneys Fees;

3. After Court issues a ruling on Plaintiffs' Motion for Attorneys fees, counsel for the parties will meet and confer regarding the submission of a proposed judgment to the Court.

DATED: September 17, 2010     SCHONBRUN DeSIMONE SEPLOW
                              HARRIS HOFFMAN & HARRISON LLP

                              By: _____
                              Benjamin Schonbrun
                              Michael D. Seplow
                              Attorneys for Plaintiffs

DATED: September 17, 2010     OFFICE OF THE CITY ATTORNEY

                              By: _____
                              Elizabeth Fitzgerald
                              Deputy City Attorney
                              Attorneys for Defendants

3.